### In re OLYMPIA HOLDING CORPORATION, a/k/a P–I–E Nationwide, Inc., et al., Debtors.

### Bankruptcy Nos. 90–4195–BKC–3P7, 90–4223–BKC–3P7.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 29, 1991.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Trustee's Motion for Authority to Sell Transcon Equipment Free and Clear of Liens and Other Interests and the objection of OHA, Inc. A hearing was held on May 31, 1991, and continued to June 6, 1991, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### *Findings of Fact*

Lloyd T. Whitaker, as Trustee for Debtor, has custody of various vehicles and equipment as identified in the attached exhibit "A" (Equipment)■ The Trustee claims ownership of the Equipment based on a lease he asserts is a financing agreement.

Several other entities also claim an interest in the Equipment. OHA, Inc. (OHA) claims that in April, 1990, Transcon Lines (Transcon) sold the Equipment to it subject to a lien in favor of Foothill Capital Corporation (Foothill). OHA then leased the Equipment to Debtor.

Transcon asserts that due to OHA's failure to make full payment, it has an interest in the Equipment.

Foothill claims an interest based on its lien on the Equipment.

OHA has filed an adversary proceeding against the Trustee and Debtor seeking to recover the Equipment. The Trustee and Debtor dispute OHA's claim alleging that the lease arrangement constitutes a financing agreement pursuant to which they have gained full ownership rights.

Trustee has entered into a contract to sell the Equipment free and clear of all liens for two million dollars, minus an adjustment for missing or destroyed equipment.

Foothill and Transcon consent to having their claims to the Equipment attach to the proceeds from the sale, but OHA objects to the sale.

OHA also argues that the local rules require the Trustee to obtain an appraisal prior to the private sale. An appraisal is estimated to cost between one hundred thousand and one hundred and fifty thousand dollars.

The Trustee solicited competing bids from major equipment purchasers and the proposed two million dollar price is greater than could reasonably be expected to be secured at an auction.

### Conclusions of Law

The conditions under which estate property can be sold free and clear of liens are outlined in 11 U.S.C. § 363(f), the applicable provisions of which state:

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate only if—

.　　.　　.　　.　　.

(2) such entity consents; [or]

(4) such interest is in bona fide dispute; ....

■ Thus, a trustee can sell property of the estate free and clear of liens if the lienholder agrees to the sale or if the lienholder's interest in the property is subject to a bona fide dispute.

■ The Trustee claims a equitable interest in the Equipment at issue based on its "lease" agreement with OHA. Under 11 U.S.C. § 541(a)(1) estate property includes "all legal or *equitable* interest of the debtor in property as of the commencement of the case" (emphasis added). Consequently, the Equipment is property of the estate and § 363(f) applies to any proposed sale free and clear of liens.

■ Foothill and Transcon have filed consents to the sale. Thus, § 363(f)(2) is satisfied and the Equipment may be sold free and clear of their interests.

■ OHA objects to the sale and has filed a separate adversary proceeding to establish its ownership rights in the Equipment. The Trustee filed an answer disputing OHA's claim, therefore putting the proceeding at issue.

The Court concludes that OHA's claim to the Equipment is subject to a bona fide dispute, § 363(f)(4) is satisfied, and the Trustee is permitted to consummate the proposed sale free and clear of OHA's interests.

■ Under local bankruptcy rule 306(b) "no private sale of property may be held unless the Trustee has obtained and filed an appraisal of the property to be sold." No such appraisal has been obtained or filed with regard to this proposed sale.

Local rule 306(b)(3) provides an exception for situations where obtaining an appraisal would be unreasonably burdensome or the cost would be excessive. The exception applies in this case because expending one hundred thousand to one hundred and fifty thousand dollars on an appraisal would constitute an unreasonable burden particularly in light of the evidence regarding the competing bids received by the Trustee.

Accordingly, the Trustee is authorized to sell the Equipment free and clear of a) the interests of Foothill and Transcon pursuant to 11 U.S.C. § 363(f)(2) and b) the interest of OHA pursuant to 11 U.S.C. § 363(f)(4).

A separate Order will be entered in accordance with these Findings of Facts and Conclusions of Law.